UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60903-CIV-COHN

ELIZABETH FYE,

Magistrate Judge Seltzer

    Plaintiff,

vs.

BROADSPIRE SERVICES INC.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Complaint [DE 7]. The Court has carefully considered the motion, response, and reply thereto, and is otherwise fully advised in the premises.

I.  BACKGROUND

Elizabeth Fye ("Plaintiff"), filed this action against Broadspire Services ("Defendant"), the Plan Administrator for the Unisys Corporation Long Term Disability Plan, for benefits under the Plan pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff had been able to work at Unisys until February 26, 2003, when she began a period of disability. Plaintiff alleges that she was eligible for long-term benefits under the Plan ("LTD") beginning August 27, 2003, following the required elimination period of 26 weeks of disability before benefits begin. Plaintiff now seeks 24 months of benefits, the maximum benefit under the LTD Plan for mental and nervous limitations.

Defendant moves to dismiss the action because a prior action brought by Plaintiff in the Middle District of Florida resulted in a summary judgment for Unisys that Plaintiff was not entitled to short-term disability benefits ("STD") under a separate group plan after July 2, 2003.  Defendant argues that because the prior court determined that Plaintiff was not disabled as of July 2, 2003, she cannot meet the condition of being disabled for 26 weeks prior to eligibility for LTD benefits under the Plan at issue in this case.  Plaintiff opposes the motion.

## II.  DISCUSSION

Defendant moves to dismiss the Complaint for failure to state a claim for ERISA benefits pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), alters the Rule 12(b)(6) standard to one wherein a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In this case, although the Complaint itself does state the minimum for a claim for LTD benefits under ERISA, Defendant argues that prior judicial action between Plaintiff and Unisys precludes the claim.  Plaintiff had sued Unisys for both STD and LTD benefits.  On summary judgment, United States District Judge Lazzara concluded that the decision by Unisys to terminate STD benefits as of July 2, 2003 was reasonable. <u>Fye v. Unisys Corp.</u>, Case No. 05-cv-2012-T-26TGW, 2007 U.S. Dist. LEXIS 17950 (M.D. Fla. March 14, 2007) (appeal dismissed).  Judge Lazarra also determined that Unisys was not the proper party to sue for LTD benefits, as it was not the insurer, and Broadspire was the third-party Plan Administrator.  Judge Lazarra then stated in dicta that even if Unisys could be liable, Plaintiff would not be entitled to long-term benefits because she could not show 26 weeks of prior disability, due to his determination with respect to short term benefits.

Plaintiff argues in opposition to the motion that Judge Lazarra's comments regarding the LTD benefits at issue in this action was mere dicta, as he had already concluded that Unisys could not be liable for LTD benefits.  Plaintiff also argues that res judicata, or "claim preclusion," requires mutuality of parties in the two actions.

Defendant asserts that it is collateral estoppel, or "issue preclusion," that dooms Plaintiff's LTD claim in this action because of the factual finding in the prior STD case that Plaintiff was no longer disabled under the Plan as of July 2, 2003.   Since the LTD Plain requires a 26 week period of disability before benefits begin, Defendant argues that Plaintiff cannot relitigate the issue of her disability during this period and therefore cannot state a claim for LTD benefits.

Before reaching the issue of whether claim preclusion or issue preclusion precludes this action, the Court concludes that although it may take judicial notice of a prior lawsuit for evidentiary issues, procedurally the Court is still bound by the four corners of the complaint when considering a motion to dismiss.  While a court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment, such is not the present case.  Brooks v. Blue Cross & Blue Shield of Fla., 116 F.3d 1364, 1369 (11th Cir. 1997) (opinion of then United District Court Judge Stanley Marcus attached to Eleventh Circuit opinion) (citing Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993)).  In this case, although the LTD Plan documents are attached to the Complaint, it is Defendant that first raises the issue of the prior lawsuit.  Therefore, the Court denies the motion to dismiss on grounds of res judicata or collateral estoppel without prejudice to renewal on a motion for summary judgment.[1]

---

[1] The Court does agree with Defendant that it may use collateral estoppel or issue preclusion even though it was not a party to the prior lawsuit.  A party must show: 1) The issue at stake must be identical to the one alleged in the prior litigation; 2) the issue must have been actually litigated in the prior litigation; and 3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.  Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc., 32 F.3d 528, 532 (11th Cir. 1994); Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352 (11th Cir. 1985).  It is not necessary that the person asserting estoppel have been a party to the prior case so long as the person against whom estoppel is being sought had a full and fair opportunity to litigate the question. Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Foundation, 402 U.S. 313 (1971).

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint [DE 7] is hereby **DENIED**;

2. The parties' Joint Motion for Status Conference [DE 36] is hereby **DENIED as moot**, though the Court interprets the motion as a request to extend the deadlines upon resolution of the motion to dismiss;

3. Defendants shall file an Answer to the Complaint by January 8, 2008;

4. The following pretrial deadlines shall apply to this case:

| | |
|---|---|
| Joinder of Parties and Amendment of Pleadings | deadline passed |
| Expert Report Exchange (Local Rule 16.1.K) | January 25, 2008 |
| Fact Discovery Cutoff | February 22, 2008 |
| Expert Discovery Cutoff | March 7, 2008 |
| Dispositive Pretrial Motions | March 21, 2008 |
| Mediation Completion | April 18, 2008 |
| Motions in Limine | May 1, 2008 |
| Joint Pretrial Stipulation | May 8, 2008 |
| Responses to Motions in Limine | May 12, 2008 |
| Proposed Findings of Fact and Conclusions of Law | Calendar Call |

6. The trial in this case is reset for a bench trial to the two-week period commencing May 19, 2008, with the Calendar Call reset for 1:30pm on Thursday, May 15,

2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of December, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

John V. Tucker, Esq.
Kevin D. Smith, Esq.
Nikki Odom, Esq./Peter Petrakis, Esq.